[No. 3835.]

## Moore, et al. v. Kline.

1. Pleading—*Judgment on the Pleadings,* should be granted only where this must be the ultimate result, whatever may be the findings upon the facts. (336)

Defendant's had leased to plaintiff a' store building then in course of construction, and executed to him a writing substantially in these words: "We bind ourselves in the sum of $1,500.00 that the store leased by us to H. B. Kline will be completed on or before, etc., and that said Kline will be given possession thereof as soon as completed; this guarantee to be void if possession is given within the time specified, otherwise in full force, and said sum of $1,500.00 is to be paid to said Kline." Judgment on the pleadings in favor of plaintiff. No reason moving the court to such judgment appearing in the record, *held* that it must have been given upon the assumption that the moneys set down in the writing constituted, in law, liquidated damages, and that as this assumption was inadmissible, the judgment was erroneous. (337, 338)

2. Contracts—*Construction—Penalty or Liquidated Damages.* If a writing assumes the form of a bond, with a condition that it shall be void on the performance or non-performance of some collateral thing, the presumption is that it is intended as a mere security, and not as a liquidation of damages. Very strong evidence is required to overthrow this presumption. (337)

So, in general, a sum of money in gross to be paid for the non-performance of an agreement is considered a penalty. One contending that such sum was intended as liquidated damages has the burden of showing that this was the intention of the contracting parties. (337)

The question is to be determined by considering the nature of the contract, the situation of the parties and the attending circumstances.; not merely upon the language used. (338)

*Appeal from Denver District Court.* Hon. Carlton M. Bliss, Judge.

Mr. John T. Bottom and Mr. Milnor E. Gleaves for appellants.

Messrs. O'Donnell, Graham & O'Donnell for appellee.

Bell, J.

It seems that, on or about the 4th day of April, 1910, the appellants Moore & Greaves held a lease on Lots 10, 11 and 12 in Block 108 of East Denver, Colo., with the buildings thereon, subject to a lease on a storeroom in said buildings known as number 1616 Curtis street, made to one Joseph Holzman, deceased. Appellants caused plans and specifications to be made for the erection of a new building on said lots, and, it would seem from the pleadings, both parties hereto were mutually interested in the removal of the old buildings from said premises, and the erection of a new one thereon, to be known as the Princess Theater Building. Appellee desired to occupy the new storeroom, to be known as 1616 Curtis street, when the same should be constructed, and, in pursuance of an arrangement made with appellants, agreed to, and did, secure an assignment of said Holzman lease, held by his legal representatives, and further agreed with appellants that he would pay to said estate the necessary price of $1,500 for its interest in said lease, store rights and business, and consent to the removal of the old buildings from said lots, and the erection of the new one thereon, upon condition that he should have a lease to said new storeroom for a period of five years, at a fixed monthly rental, together with a right of renewal for a like period, and upon the further condition that said new storeroom should be completed and possession thereof delivered to him on or before the 15th day of July, 1910. To guarantee the completion of said new storeroom and possession thereof to the appellee within the time agreed upon, appellants executed and delivered to him their written obligation in words and figures as follows:

"We, and each of us, hereby bind ourselves in the sum of fifteen hundred dollars and hereby guarantee that the storeroom leased by Moore and Greaves to H. B. Kline will be completed on or before July 15, 1910, and that the said H. B. Kline will be given possession thereof as soon as completed; this guarantee to be void if possession is given within the time specified; otherwise to remain in full force and effect,

and said sum of fifteen hundred dollars is to be paid to the said H. B. Kline.

George H. Greaves,
George C. Moore,
By G. H. Greaves,
*Attorney in Fact.*
A. P. Mackey."

Said storeroom was not completed nor possession thereof delivered to appellee on or before the 15th day of July, 1910, and, upon said last mentioned day, he demanded payment of the $1,500 stated in the written obligation. Appellants allege in their answer that he demanded, not only the payment of the gross penal sum, but also possession of said storeroom at the earliest day possible, and that they were then willing, and offered, to pay him the amount demanded, if he would surrender all claims to the possession of said storeroom, but that he refused to accept said sum in full satisfaction of his claims, and, prior to the time when said storeroom was completed, entered a suit in the district court within and for the city and county of Denver, whereby he wrongfully sought and wrongfully obtained possession thereof. A replication was filed to the answer, and plaintiff, appellee herein, interposed a verbal motion for judgment on the pleadings, which was granted by the trial court, and judgment was entered in his favor for the sum of $1,592.73, the amount stated in the written obligation and, presumably, the interest thereon as prayed for in the complaint.

The abstract is silent as to the cause urged or determined as a justification for a judgment on the pleadings. Judgments on the pleadings should be restricted to such cases as would ultimately result in a judgment in favor of the moving party regardless of what the findings might be on the facts upon which issue is joined: *The People ex rel. v. Brown*, 23 Colo. 425, 48 Pac. 661; *Mills, et al., v. Hart, et al.*, 24 Colo. 505, 52 Pac. 680, 65 Am. St. 241.

Upon scrutinizing the record of the pleadings, we are unable to find any reason that should have moved the trial judge to render judgment thereon. He must have determined, as a basis for the judgment, that the amount set forth in the instrument constituted, in law, liquidated damages. There is nothing about the transaction of the parties as described in the pleadings that justified the court in such a conclusion. The instrument makes no pretense of embodying the terms of the primary contract for the tenancy, but it is, in its nature, collateral thereto and intended to enforce the primary contract to furnish the appellee with a new place of business within the time and in the manner agreed upon as therein set forth. It is in the general form of a penal bond, though not artistically constructed, nor entirely couched in the usual language embodied in such bonds; but the inference is strong that the object sought by it was to coerce appellants to make it a point of every effort to complete the storeroom and deliver possession thereof to the appelle on or before July 15th, 1910. The general rule of law is that, if an agreement assumes the form of a bond, with condition that it shall be void upon the performance or non-performance of an act, the *prima facie* presumption is that the sum of money mentioned therein is intended merely as a security and not as liquidated damages, and this presumption will stand until controlled by very strong considerations. In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty, the legal operation of which is to cover the damages which the party, in whose favor the stipulation is made, may have sustained from the breach of contract by the opposite party. It will not be considered as liquidated damages, and it will be incumbent on the party who claims it as such to show that it was so considered by the contracting parties: *Davis v. Gillett,* 52 N. H. 126, 129-30; *Tayloe v. Sandiford,* 7 Wheat. 13, 5 L. Ed. 384; 3rd Parsons on Contracts, 9th Ed., pp. 171, 172.

Page on Contracts, Vol. II, Sec. 1167, defines a contract for a penalty and one for liquidated damages as follows:

"A contract for a penalty is an agreement to pay a stipulated sum in case of default, intended to coerce performance, to punish default, or to secure payment of the actual damages. A contract for liquidated damages is a contract by which the parties in advance of breach fix the amount of damages which will result therefrom, and agreed upon its payment."

Whether a sum named in a contract is to be regarded as liquidated damages or as a penalty depends upon the intention of the parties as it appears from the nature of the contract, the situation of the parties and the attending circumstances, and not merely upon the language used: *Carson v. Arvantes,* 10 Colo. App. 382, 385, 386, 50 Pac. 1080; *Sanford v. First Nat. Bank,* 94 Iowa 680, 63 N. W. 459; 19 Am. & Eng. Encyc. of Law, p. 396; 13 Cyc. 92, 93; Page on Contracts, Vol. 2, §§ 1172, 1173. And in case of doubt, whether a sum fixed by contract is a penalty or liquidated damages, the courts lean toward the former construction, because where parties agree upon the damages to be paid for a breach of contract, whatever name they give to it, they do substantially the same thing which is done by a bond with a penalty, and there is no more reason why the courts should regard the agreement, if it opposes reason and justice, in the one case than in the other. *Amanda G. M. Co. v. People's M. Co.,* 28 Colo. 251, 64 Pac. 218; *Monmouth Park Ass'n v. Wallis Iron Works,* 55 N. J. Law 132, 26 Atl. 140, 19 L. R. A. 456, 39 Am. St. Rep. 626; 3 Parsons on Contracts (9th Ed.), pp. 171, 172; Page on Contracts, Vol. 2, § 1173.

If, upon a trial on the merits, it should prove true, as alleged in the answer, that, at the time judgment on the pleadings was rendered, appellee had obtained possession of the premises in question and was enjoying them for the purposes contracted for, it would hardly be conceivable in law or equity why such a judgment as rendered should stand

with the material allegations of the complaint denied and without any evidence whatever as to the actual damages sustained.

The judgment of the trial court is, therefore, reversed, and the case remanded for trial in harmony with this opinion.

*Reversed and remanded.*