No. 9825.

NEWELL ET AL. *v.* NEWELL.

1. PLEADING—*Motion to Strike.* Good pleading prohibits the anticipation in a complaint of matter of defense, and such matter should be stricken.

2. APPEAL AND ERROR—*Irrelevant Evidence.* The admission of evidence, in support of irrelevant allegations in a complaint, which is prejudicial to defendants, constitutes reversible error.

3. *Pleading—Immaterial Allegations.* There is no good excuse for confusing an issue and encumbering a record with irrelevant allegations. Trial courts, while they have a large discretion in determining motions to strike, should give to pleadings such consideration as is necessary to insure the presenting of only those facts which are pertinent to the cause of action.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. JOSEPH C. EWING, Mr. WORTH ALLEN, for plaintiffs in error.

Mr. JAMES W. GAULT, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE defendant in error is the father of plaintiff in error, Samuel Newell, and was plaintiff in an action against the plaintiffs in error on a promissory note, in which action he had judgment. The complaint covers twleve pages in the record. It contains a mass of matter which is wholly irrelevant to the cause of action stated. It recites items of family history, including a story of the making of a will by the plaintiff, an agreement by defendants to support plaintiff during his lifetime and to bury him when dead, none of which has any possible bearing upon the cause of action. A motion to strike seven paragraphs of the complaint, as irrelevant, was denied.

The answer alleged payment of the note by application thereto of debts due from plaintiff to defendants, and by sums due to defendants by reason of their maintenance of plaintiff and his wife for several years, and, further, that plaintiff had voluntarily cancelled the note.

On trial, to a jury, the plaintiff was allowed to introduce, over the objections of defendants, evidence tending to prove other indebtedness of the defendants to plaintiff; also evidence of a large number of matters constituting a family quarrel, which involved the plaintiff, his son, the defendant, and another son.

Counsel for defendant in error defends the pleading of these irrelevant matters upon the ground that he expected

that the defendants would introduce evidence, to meet which evidence of these otherwise extraneous matters would be competent. Good pleading prohibits the anticipation in a complaint of matter of defense, and such matter should be stricken out. *Brooks v. Bates*, 7 Colo. 576, 4 Pac. 1069.

From this mass of incompetent evidence, it appears impossible that an ordinary jury could have failed to be prejudiced against the defendants. The jury might have found that the defendants were entitled to credit for the various services rendered to the plaintiff, but have found also that the other loans, as to which testimony was given, offset said services. The admission of the irrelevant evidence was, therefore, error, for which the judgment should be reversed.

Before this cause is again tried, there should be a repleader, and the plaintiff's complaint reduced to a proper statement of the cause of action. There is no excuse for confusing an issue, and encumbering a record by allegations which are wholly irrelevant, but which, in the pleader's mind, may tend to excite sympathy, or arouse prejudice in the minds of the jury. The rules of pleading tend to promote the speedy and due administration of justice, and neither courts nor attorneys are at liberty to disregard them.

While trial courts have a large discretion in determining motions to strike, they should give to the pleadings such consideration as is necessary to insure the presenting of only those facts which are pertinent to the cause of action. A failure to do this increases the burden of the trial court, as well as that of the reviewing court.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Chief Justice Garrigues and Mr. Justice Burke concur.