No. 9932.

THE MODEL LAND & IRRIGATION CO. *v.* THE HOEHNE DITCH. CO., ET AL.

Decided December 5, 1921.

Action to enjoin diversion of water from a natural stream. Judgment for plaintiffs.

*Affirmed.*

1. APPEAL AND ERROR—*Findings of Fact.* Findings of fact by the trial court on conflicting evidence, will not be disturbed on review.

2. WATER RIGHTS—*Unlawful Diversion.* Any unauthorized diversion of water from a natural stream constitutes an injury to appropriators therefrom if there is not at all times sufficient water to supply their priorities.

3. *Injunction—Amount Involved.* .45 of a cubic foot of water per second has a substantial value, and is not too small an amount to justify a court in enjoining its unlawful diversion.

4. PLEADING—*Issues.* The issues in a legal controversy must be determined from the pleadings, and not from the facts as they appear on the trial.

5. WATER RIGHTS—*Injunction—Decree.* A court decree enjoining the

diversion· of water will be construed with reference to the case made by the pleadings and tried by the court.

6.  *Action.*  A defendant in an injunction suit to restrain the unlawful diversion of water, cannot change the action into an adjudication proceeding.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Mr. HENRY HUNTER, Mr. FRED A. SABIN, for plaintiff in error.

Mr. A. W. McHENDRIE, Messrs. NORTHCUTT, FREEMAN & NORTHCUTT, Mr. B. H. SHATTUCK, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error, The Pulaski Irrigating Ditch Company, was plaintiff in a suit to restrain the plaintiff in error from diverting water from Las Animas River, or from the underflow and sources tributary thereto, by means of a pipe line extending up into the bed of said river, and along its banks, with a collecting gallery at the upper end thereof. The other defendant in error, The Hoehne Ditch Company came into the suit as an intervenor. Both parties will hereafter be mentioned as plaintiffs.

The complaint alleged that the defendant in the action was preparing to take out from the river, by the means aforesaid, ten cubic feet of water per second of time, to which water the plaintiffs were entitled as appropriators with decreed priorities.

The trial court found that the operation of the said system took water from the Las Animas River which belonged to the appropriators thereon, including the plaintiffs in the action. The finding was to the effect that defendant had drawn such water to the extent of from· one cubic foot per second to three cubic feet per second, and that the defendant proposed to draw out and divert at

least ten cubic feet of water per second, and to apply the same many miles below the headgate of The Hoehne Ditch. The Pulaski Ditch Company's headgate was above the point of diversion by The Model Ditch Company.

The plaintiff in error contends: First, that the injunction was improper because there was no showing of damage to the plaintiffs; and, second, that inasmuch as the evidence showed that at the time of the trial the system was diverting but .45 of a cubic foot per second, the amount was too small to justify the court in enjoining its diversion.

The trial court found that the defendant proposed to draw out ten cubic feet of water per second, and carry it to a point below the headgate of The Hoehne Ditch Company. This finding upon conflicting evidence we must accept, and it shows a substantial injury to the last named company. The court, during the trial, mentioned the obvious fact that if The Hoehne Company were deprived of water to which it was entitled, by this diversion, the Pulaski Company would be compelled to allow water to go by its headgate, which might otherwise be available for its priority. Such being the case, it would appear that both companies would be injured unless the supply of water in the river is at all times sufficient to satisfy their priorities. There was evidence to the effect that at times both of these companies were unable to get water sufficient to satisfy their priorities.

The above mentioned fact bears also upon the claim that a diversion of about a half a cubic foot was too small for the court to notice. If persons or corporations may divert water from the river without an appropriation, and defend by asserting that the quantity is small, adjudicated priorities would be left at the mercy of trial courts, where respective judges would be called upon to determine just how much water might be diverted with impunity. Forty-five hundredths of a cubic foot of water, it is common knowledge, has a substantial value in this state.

Moreover, the pleadings present the issue as to whether or not the defendant could use the system in question to

divert the amount of water which it is capable of carrying, or substantially that. The complaint alleged a plan to divert ten cubic feet, and the answer admitted such intent. The fact that at the time of the trial the system was producing but a small quantity of water, has no bearing upon the question at issue.

Plaintiff in error further objects to the decree because it is said that it enjoins the use of the system in toto, and thereby prevents its use in making an original appropriation as of the date of the beginning of its construction. The defendant in such a suit cannot turn it into an adjudication proceeding, and the court was not called upon to consider any questions not presented by the pleadings. The fact that the decree uses language, which, separated from its context, might be considered as prohibiting the use of the system for any purpose, does not call for a modification of the judgment by this court. The decree will be construed by all courts with reference to the case made by the pleadings, and tried by the court.

Finding no error in the record, the judgment is affirmed.