## No. 13,594.

VANATTA *v.* McFERSON, BANK COMMISSIONER ET AL.

(52 P. [2d] 399)

Decided November 18, 1935.

Mr. E. G. VANATTA, pro se.

Mr. E. A. BOND, Mr. A. J. LAING, Mr. J. F. MEADOR, Mr. SID PLEASANT, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS review is instituted to reverse a judgment of dismissal of plaintiff in error's claim, as interpleader, entered after the denial of his motion for judgment on the pleadings and upon which he elected to stand. He will be referred to as Vanatta, and the defendants in error as the bank commissioner and board of county commissioners respectively.

Prior to January, 1932, one John Dubovsky was a depositor in the Yampa Valley Bank of Hayden, Colorado, and to him was issued a time certificate No. 3513. This certificate was lost, and in lieu thereof certificate No. 4012 was, on January 30, 1932, issued to Katie Dubovsky in the sum of $1,500. The bank became insolvent and placed its affairs in the hands of the bank commissioner of Colorado for liquidation. Claiming under a judgment rendered in its favor against John Dubovsky by the district court of Lake County, Colorado, the board of county commissioners of that county filed with the bank commissioner its claim against the funds represented by this time certificate. Vanatta, as assignee of Katie Dubovsky, also claimed ownership thereof and filed his claim. Thereupon the bank commissioner filed his complaint in interpleader in the district court of Routt county, Colorado, praying that the claimants be interpleaded as to the subject-matter; asking for an order authorizing and directing him to pay the funds into the registry of the court for

the benefit of the prevailing claimant and that on compliance therewith he be absolved from all claims thereafter made by either of the claimants, and that the latter, who were made defendants therein, be restrained from prosecuting otherwise than in this action. To this complaint, the board of county commissioners of Lake county filed its answer, setting up estoppel based upon the judgment under which it claimed, and alleging that the district court of Routt county was without jurisdiction. It now contends that the sole purpose of the answer, as filed, was to raise the question as to whether or not the facts were such as to entitle plaintiff to compel defendants, or claimants, to interplead. To this answer, Vanatta filed a demurrer which was sustained, and the board of county commissioners was given ten days in which to amend. Judgment in interpleader was entered requiring the board of county commissioners of Lake county and E. G. Vanatta to interplead, also directing plaintiff to pay the fund into the registry of the district court of Routt county pending determination of the interpleaders' claims. The board of county commissioners filed its amended answer and cross-complaint and John Dubovsky filed a complaint in intervention. Vanatta filed his answer and cross-complaint, to which the board of county commissioners filed its demurrer and motion to strike. Vanatta then moved for judgment on the pleadings, which motion was overruled and his claim dismissed. To this judgment, he assigns error.

The foregoing is a brief summary of the pleadings and their character, and the question to be determined is: Was or was not the motion for judgment on the pleadings properly overruled? The determination of this question necessitates a consideration of the following brief statement of the facts.

During the time Dubovsky was holding the original time certificate hereinbefore mentioned, he became financially involved, and the judgment in favor of the board of county commissioners of Lake county resulted. Prior

to the commencement of the action by the board of county commissioners, Dubovsky lost the original certificate and called at the bank and advised them of the loss and told the bank officials that he was financially involved, whereupon a bank officer advised him to have a time certificate issued in the name of his sister Katie Dubovsky, who resided in Chicago, in lieu of the original certificate. This was done and the certificate was delivered to him. Then followed the suit and judgment against Dubovsky in Lake county. On this judgment, execution was issued and supplemental proceedings followed, in which Dubovsky appeared. At the close of the hearing, the district court of Lake county entered its order containing a finding that Dubovsky had other assets in the form of a promissory note for $1,000, executed by one Mike Phillips, payable to the order of Dubovsky's sister under the name of Kate Tarcak, with further findings that Phillips was indebted to Dubovsky and not to his sister, that the note was made payable to the sister for the purpose of defrauding his creditors, that the Yampa Valley Bank was indebted to Dubovsky in the sum of $1,500 and that his sister Kate Tarcak (or Katie Dubovsky) had no claim to said assets and that any transfer to her or in her name was made for the purpose of defrauding and delaying creditors; further, that Dubovsky be enjoined and restrained from assigning or encumbering any of these assets and an order was entered authorizing Phillips and the Yampa Valley Bank to apply all of the above sums of money to the satisfaction of the mentioned judgment; further, that Phillips and the bank be enjoined from transferring, assigning or paying out any of said funds except toward satisfaction of the judgment and that they pay said funds into the registry of the court. Prior to the date of this order, the bank was attached as garnishee under the Lake county judgment. In its return, it stated that the two time certificates had been issued as herein related, and that "as a matter of record, Mr. Dubovsky was holding in his possession No. 4012 for $1,500." To the

amended answer and cross-complaint of the board of county commissioners to the complaint of the bank commissioner, in interpleader, a copy of the above mentioned findings and order and the garnishee's answer were attached.

The complaint of John Dubovsky, in intervention, alleged that he always has been and now is the owner of the time certificate of deposit in the Yampa bank and that after telling the cashier of the bank of his financial difficulties, he was advised by the latter to have the new certificate issued in the name of Katie Dubovsky, his sister, which was accordingly done. He further alleged that this action was taken without her knowledge and without consideration, and that it was never intended by him that the certificate was to become the property of Katie Dubovsky; that the money represented thereby is now and always has been his property, and that the transfer was made because of his financial difficulties and embarrassment at the time, and he prayed the court to adjudge him to be the legal owner of the time certificate and the money represented thereby, subject to the equities, if any, of the board of county commissioners of Lake county.

Vanatta, by his answer, alleged that on the 11th day of January, 1933, Katie Dubovsky, for value received, assigned the time certificate, and any money due thereon, to him, which assignment was duly filed with plaintiff, the bank commissioner, for liquidation, and to this assignment was attached the original time certificate with its assignment; he further alleged the filing of the claim by the board of county commissioners of Lake county and that their claim was without merit and void because based upon a judgment of the district court of Lake county which was without jurisdiction to make the order or enter the judgment, because the time certificate was not due and therefore not subject to garnishment; further, that Kate Tarcak or Katie Dubovsky was not made a party to the Lake county suit and that she was an indispensable party before any order or judgment touching her property or

interests could properly be entered; and that the action and order of the district court of Lake county was an attempt to deprive him, as assignee, of his property without due process of law. In a cross-complaint, he further set out the assignment to him of the certificate of deposit.

Vanatta's motion for a judgment on the pleadings was, in substance, based upon the following grounds: That the judgment, order and decree of the Lake county district court is void and was entered without the court having jurisdiction over the parties' properties mentioned therein; that the board of county commissioners is estopped from claiming the property under said void orders and decrees, and that its amended answer presents a new and different cause of action than that set out in its original answer; that the amended answer is insufficient as a creditors' bill and does not state facts upon which judgment in favor of defendants could be properly rendered; that the certificate of deposit in question is shown to have been regularly assigned to Vanatta by Katie Dubovsky long prior to the filing of the claim of the board of county commissioners; that Katie Dubovsky was not a party to the suit in Lake county.

When once determined that plaintiff in interpleader had a right to bring the action and compel defendants, or claimants, to interplead, then the litigation proceeds between the claimants or defendants, and as between them, recovery rests upon the strength of the claim of one, rather than upon the weakness of the claim of the other, and the court may do complete equity between the parties. It is apparent from the statement of facts herein that the certificate of deposit, around which this controversy largely centers, stands in the name of Katie Dubovsky, who was not made a party to the litigation, and that it was duly assigned to Vanatta who asserts ownership and demands payment, alleging a clear legal right thereto. It also appears from the order and finding of the Lake county district court and the petition in intervention, that John Dubovsky alleged and testified that Katie Dubovsky

never had any interest in, and is not the owner or entitled to the money represented by the time certificate, and that the reason that the certificate appears in her name is for concealment and hindrance to his creditors. This presents an issue upon which a determination is to be had from the facts. These facts are sufficiently stated in the answer and cross-complaint of the board of county commissioners and, if proven, would sustain a judgment rendered upon a trial of the facts. To say the least, a material issue of fact is raised by the answer and cross-complaint and a judgment on the pleadings could not be granted unless such judgment would necessarily be the ultimate result whatever might be the finding upon the facts. It then follows that a judgment on the pleadings herein could not properly be allowed, there being undetermined issues of fact. Vanatta, by his motion for judgment on the pleadings, admitted the falsity of each of his own allegations which were denied by the board of county commissioners. The court, therefore, properly overruled his motion for judgment on the pleadings; but it erroneously dismissed his claim. The claim should be reinstated, and further proceedings had to determine the facts.

As to the intervener, John Dubovsky, it is apparent from his own statements that he engaged in a fraudulent scheme either to defraud, hinder or delay his creditors. He thereby forfeited all right either in law or equity to any consideration or protection from the court.

The judgment is affirmed in part and reversed in part, and the cause remanded for further proceedings as indicated.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.