## No. 14,705.

### BAUGHMAN *v.* FOSTER LUMBER COMPANY.
#### (113 P. [2d] 423)

Decided May 5, 1941.

Messrs. LINDSEY & LARWILL, Mr. E. C. BURCK, for plaintiff in error.

Mr. C. C. CONANT, Mr. E. B. CARTWRIGHT, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THE Foster Lumber Company, defendant in error, brought suit against Baughman, plaintiff in error, and one Gettman to foreclose a mechanic's lien on certain property which Gettman had purchased on contract (recorded) from Baughman. Baughman in his answer, and in the nature of a counterclaim, set out this contract, asking that it be declared a lien on the premises superior to that of plaintiff, and for a foreclosure. After the matter was at issue, both sides filed motions for judgment on the pleadings. That of the lumber company was sustained, although the court allowed foreclosure by Baughman subject to the mechanic's lien. Baughman seeks reversal on a writ of error.

One of the questions presented by the assignments of error is, "Whether a mechanic's lien, arising out of materials ordered by, and furnished to, a vendee of property, can attach against the property involved, superior to the pre-existing vendor's lien for unpaid balances due on the purchase price of the property, of which the materialman had knowledge at all times"?

While the solution of this question will be decisive of the litigation, it is dependent upon several collateral matters, the determination of which will answer the interrogatory, as posed, in the affirmative or negative as the facts may warrant.

As we view the matter, there is first, the legal question to be determined, viz., whether Baughman, as vendor of the property, was required to give the five days' notice to the lumber company under the provisions of section 19, chapter 101, '35 C.S.A. This question was answered in the negative by the United States Circuit Court of Appeals for the Tenth Circuit in the case of *In re Ben Boldt, Jr., Floral Company*, 37 F. (2d) 499, a case involving our mechanic's lien statute, article 2, chapter 101, '35 C.S.A. See, also, 2 Warvelle on Vendors (2d ed.), p. 840, §712; *Yates Co. v. Bank*, 65 Colo. 466, 176 Pac. 495, and *Tritch v. Norton*, 10 Colo. 337, 15 Pac. 680. No good purpose would be served by a re-

statement of the principles of law therein announced, and we adopt them for the purposes of this case, to the extent that we hold Baughman was a prior lienor within the meaning of section 19, chapter 101, '35 C.S.A., and thus not required to give such notice; however, there are several other matters raised by the pleadings and the judgment thereon that require further consideration, and which may be controlling notwithstanding the pronouncements in the Ben Boldt case, supra, and the other authorities cited.

■ As before stated, both sides filed motions for judgment on the pleadings, and the court entered its judgment partly in favor of each; that is, judgment was allowed in favor of the lumber company on its complaint, and for Baughman on his counterclaim authorizing him to foreclose his lien, with the proviso that the proceeds thereof should be subject to the payment of plaintiff's claim. We think, under the circumstances, this was error. The law is well settled in this state that a judgment on the pleadings should not be allowed where material allegations in a complaint are directly and specifically put in issue "unless such judgment would necessarily be the ultimate result whatever might be the finding upon the facts." *Vanatta v. McFerson*, 97 Colo. 576, 582, 52 P. (2d) 399; *Wyatt v. Burnett*, 95 Colo. 414, 36 P. (2d) 768.

■ The complaint alleges that Gettman, in purchasing materials for making improvements upon the property, was Baughman's agent, and certain other allegations are set out which indicate such a relationship. The answer denies any agency, alleging a loan from Baughman to Gettman of $725 to pay for improvements, and to that extent only. The replication denies this allegation. These are material issues of fact and the ultimate judgment herein will depend upon the evidence introduced to sustain the several contentions. Sufficient allegations are made to form the basis of estoppel as to Baughman. On the other hand, assuming

Gettman's agency to the extent of $725, if the lumber company knew of that limitation it may be estopped to claim anything over that sum as against Baughman—that amount admittedly having been paid. We think the trial court erred in finding for plaintiff in the absence of any evidence on the questions of agency and estoppel, or on other controverted issues as set out in the pleadings.

The judgment is reversed, and the cause remanded with instructions to proceed in harmony with the views herein expressed.

Mr. Justice Young and Mr. Justice Hilliard not participating.