No. 17,825.

THOMAS L. BENDER, ET AL. *v.* DISTRICT COURT OF
EL PASO COUNTY AND JOHN G. REID, JUDGE.
(291 P. [2d] 684)

Decided December 12, 1955.   Rehearing denied January 16, 1956.

Mr. HATFIELD CHILSON for petitioners.

Mr. KARL R. ROSS, Mr. FREDERICK T. HENRY, Mr. BEN S. WENDELKEN, for respondents.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the Court.

THIS is an original proceeding in the nature of prohibition. Complainants are plaintiffs in an action pending in the respondent district court, wherein defendants are THE CITY OF COLORADO SPRINGS, a Municipal Corporation, THE BROADMOOR HOTEL, INC., and THE SOUTH SUBURBAN WATER COMPANY.

Briefly, plaintiffs in the district court action, after alleging themselves to be the owners of certain described lands, further allege that in 1931 they procured water for the irrigation of their said lands by drilling a well into an aquifer, which is tributary to the Fountain River, and that by means of said well, pump and appurtenances they diverted water from said underground supply at the rate of one thousand gallons per minute continuously during periods of irrigation and without interruption until 1954 when the defendants, by means of various wells, pumping plants and facilities located in the vicinity of defendants' well, diverted large quantities of water, thereby depleting the supply of water stored in and by said aquifer to the point where plaintiffs are being deprived of their use thereof and are now unable to procure through their well a sufficient supply to fill their prior appropriation. They allege that they have no plain, speedy, or adequate remedy at law, and seek a decree restraining and enjoining the defendants from further diversion of water from said aquifer and from any diversion therefrom at any time when the water level therein shall become so low as to deprive plaintiffs of their use thereof.

Pursuant to separate motions filed on behalf of each of the three defendants, not identical in form or objective other than that all were directed to the point that other

parties should be joined, the trial court, over the objection of plaintiffs, entered an order directing that all users of water from said aquifer whose rights were junior in point of time to those of plaintiffs be joined as parties to said action. The defendants were granted ten days within which to furnish the names of said users and the plaintiffs directed to cause summons to issue to each thereof within fifteen days after receipt of said list. The list furnished pursuant to said order contains the names of seventy persons and corporations, all of whom are said to be claimants of rights junior to those of the plaintiffs and only one (Louie Pinello) junior to the rights claimed by the defendants.

The foregoing facts are more extensively set forth in complainants' action filed in this Court. Following allegations of the foregoing facts they allege that the trial court exceeded its jurisdiction or abused its discretion in ordering that all users of water from said aquifer junior in point of time to the rights of plaintiffs be joined as necessary parties; that plaintiffs seek no relief whatsoever against any junior appropriator other than the defendants named in said action; that the owners of said junior rights are not necessary parties; that said order is contrary to rulings, decisions and practices in similar matters in this jurisdiction; that complainants have no plain or adequate remedy other than to apply to this Court for relief from the trial court's joinder order. As reasons for their position they assert: (1) That if said joinder order is permitted to stand, great delay will ensue, during which time defendants will continue to divert large quantities of water from the aquifer involved and possibly may deplete the supply thereof to such extent as to completely ruin plaintiffs' water right; (2) that the injunction proceeding being an action in personam, failure on the part of plaintiffs to procure service upon any of said seventy joined parties would result in the dismissal of their action; (3) that the matter is of great public importance in that it relates to water and

water rights which affect so greatly the welfare of the farming industry of the State of Colorado, giving the litigation a character of public importance notwithstanding that actually it is a suit between private parties; (4) that plaintiffs by bringing a proceeding in injunction are entitled to a speedy action and prompt relief, which will be denied them should said joinder order be permitted to stand. For the reasons aforesaid they ask this Court for its writ prohibiting the trial court from requiring the joinder of junior users as parties. Rule to show cause was issued and return thereon made.

The first and paramount question is whether the users of water from the aquifer involved, whose diversions are junior in point of time to that of plaintiffs, are necessary parties to the proceeding in the trial court. The plaintiffs insist that they are not, and that they have no quarrel with any individual who appropriated water from said aquifer junior to the rights of plaintiffs until defendants in 1954 began to divert large quantities of water therefrom, thus interfering with and depleting the supply to plaintiffs' well. Defendants, on the other hand, insist that to bring about a fair and complete determination of the respective rights of plaintiffs and defendants it is necessary that all junior appropriators be joined and that even if this is not true, the trial court under Rule 19, R.C.P. Colo. had the right under its discretion to require the joinder of said parties.

In controversies involving the respective rights of users from flowing streams, or impounded waters, in this jurisdiction, it has been the unbroken rule that only the disputed rights between litigants were involved in such proceedings and that other users of water from the same source need not be joined. This principle is announced quite clearly in the case of *Lower Latham Ditch Co. v. The Louden Irrigating Canal Company*, 27 Colo. 267, 60 Pac. 629, where, although the facts were different, the court said:

"The fact, therefore, that others junior in point of

time to either of the parties to this action may have diverted water from the river above the mouth of the Big Thompson, which, if permitted to flow down the stream, would have supplied the needs of plaintiff, so that the defendant ditch companies could have continued their diversion from the Big Thompson, without injury to the plaintiff, was not a defense which the defendants could interpose."

■ If the diversion of water pursuant to the rights of junior claimants is not a defense that may be pleaded, then it necessarily follows that the holders of junior rights are not indispensable parties.

Defendants contend, however, that this being a cause where underground waters are involved, a different rule should apply. What rule? None is suggested. The fact that the burden of proof may be more difficult to maintain owing to the source of the supply being hidden, or that the line of evidence may be more in the nature of technical and scientific determinations than from visual observation, would seem to us to constitute no reason for a change in the manner of procedure followed in this jurisdiction for so many years.

■ With respect to the contention made on behalf of defendants that, regardless of the question of necessity, the trial court had a discretion as to who should be made parties, we believe that counsel are confusing the provisions of Rules 19 and 20, R.C.P. Colo. Rule 19 pertains not to permissive or discretionary joinder of the parties, but to the question of who must be made parties because of necessity or indispensability to a complete adjudication of rights as between the litigants. Moore's Federal Practice, 2nd Ed., Vol. 3, pp. 2103 and 2104. Here, plaintiffs seek no relief against any user of water from the aquifer junior to themselves and to the date of the appropriations made therefrom by defendants in 1954. Surely they have the right to select from all users, those whom they assert are responsible for their loss. They carry the burden of proof in their action to show that it

is the diversions by defendants that deplete their supply of water. None of the intervening appropriators are involved in a determination of this question, nor are they necessary or indispensable parties thereto. They would become necessary and indispensable parties only in the event the action was of such a nature that the respective rights of all users must be adjudicated and determined as between each other. The proceeding instituted by complainants is not such an action, nor can it be converted into an adjudication proceeding at the insistence of defendants and contrary to the will of plaintiffs. Illustrative of this point is the case of *Model Land & Irrigation Co. v. The Hoehne Ditch Company,* 70 Colo. 484, 202 Pac. 712. For the reasons stated it seems quite clear to us that the trial court erroneously entered the order requiring joinder of all junior appropriators, unless, perhaps, with the single exception of Louie Pinello, whose rights likewise are junior to those of defendants.

This brings us then to the remaining important question, that being whether under the circumstances above outlined, plaintiffs are entitled to resort to the extraordinary procedure of prohibition? It is true that ordinarily such remedy will not be countenanced except under circumstances involving matters of great public concern, or where the rights of litigants may not be protected through the usual channel of a writ of error. Notwithstanding this is the general rule, this Court is not bound thereby, and has in the past and presently continues to exercise this jurisdiction rather broadly whenever, in its opinion and discretion, it appears that failure to act, may, and probably will result in the party appealing for aid being deprived of substantial rights due to the mistake or fault of the trial court, under circumstances where delay would result in a loss of right that could be neither restored nor compensated on review by writ of error. Such to us seems to be the situation here. We are not so certain that great public concern exists, but it would seem that in this instance some immediate relief

must of necessity be granted to these complainants to prevent the deprivation of their source of supply of water pending this litigation. Otherwise, upon its ultimate conclusion, regardless of the result, there would be nothing left to quarrel about. They have elected to protect their rights by an injunction proceeding, which from its very nature indicates the necessity of prompt and efficient determination. Such a proceeding is one well recognized in the adjustment of the respective claims of two or more users of water from the same source. The necessity here, it would seem, might be even greater than would be the case if the controversy arose on a live surface stream where exhaustion of supply would not be an element. Under such circumstances we deem it the province of this Court to correct the error of the trial court at the earliest possible time. To this end it is ordered that the writ be made permanent and the trial court directed to vacate its order heretofore entered requiring that all appropriators of water from the said aquifer junior to the rights claimed by plaintiffs be made parties. That Louie Pinello, being junior to defendants, is in our opinion a necessary party and should be joined; that thereupon said trial court proceed to hear and determine the issues involved in said proceeding with all convenient speed.