No. 18,135.

GEORGE H. KOCH, ET AL. *v.* J. E. WHITTEN,
STATE ENGINEER, ET AL.
(342 P. [2d] 1011)

Decided August 3, 1959.   Rehearing denied August 31, 1959.

Messrs. BOYLE & WITTY, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN B. BARNARD, JR., Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

PLAINTIFFS in error instituted this action in the District Court of Custer County against J. E. Whitten, State Engineer; F. C. Snyder, Division Engineer; Gayle Patterson, Water Commissioner; and Casper Lee Seybold, Water Commissioner, seeking to enjoin the said defendants from "demanding or taking" certain waters which were alleged in the complaint to originate as springs on the lands of the plaintiffs, and seeking an injunction against interference by defendants with plaintiffs' use of these waters "on their lands."

A temporary restraining order was issued, but was later dissolved. Defendants filed various motions following the overruling of which an Answer and Counterclaim was filed on their behalf. Defendants also moved for an order adding as party defendant the owner of a certain adjudicated priority which they claimed was in conflict with the alleged rights of plaintiffs. This latter motion was granted and plaintiffs were ordered to summon the owner, Noble Austin. The necessary pleadings were thereupon served upon Austin who in turn moved to dismiss. Plaintiffs confessed this motion and it was granted as to him.

Based upon an alleged admission of the plaintiffs in confessing Austin's motion to dismiss, defendants then moved for judgment on the pleadings. The court granted

this motion and it is for the purpose of reviewing this judgment that the case is before us on writ of error. Plaintiffs also seek review of an order denying their motion to strike certain portions of the counterclaim.

The complaint alleges that certain springs originate on the lands of the plaintiffs and have been used by them and their predecessors in interest for a period of "upwards of sixty (60) years"; that the flow from the springs is picked up and distributed by the George Koch Ditch and that the excess from these sources flows by "unnamed tributary * * * into Texas Creek"; that the unnamed tributary does not flow into Koch Branch of Brush Creek from which Gove Ditch, Arkansas River Priority No. 238, takes its water; that the defendants have ordered the plaintiffs to allow the above described spring water to flow into the unnamed tributary in order to fill the Gove Ditch priority; that the water from the springs does not flow into Koch's Branch of Brush Creek; that the plaintiffs have a right to the use of the water arising on their lands by reason of their beneficial use and application for a period of sixty (60) years. Allegations that plaintiffs lack a plain, speedy and adequate remedy at law and that irreparable injury will result also appear and the prayer is for an injunction against the named defendants.

The answer denies most of the allegations of the complaint, but admits that a decree was issued on February 3, 1894, the Gove Ditch Decree No. 2 on Koch's Branch of Brush Creek, awarded the date of August 31, 1880. It further alleges that the headgate of the Gove Ditch was located on the same source of supply as that from which plaintiffs "are diverting water," and that the Gove Ditch is entitled to the waters in question and that plaintiffs are diverting them in violation of lawful orders of the defendants.

In the counterclaim it is alleged that the plaintiffs, during the irrigating season of 1955, diverted water from the natural stream from which the Gove Ditch has

its source of supply in violation of the lawful orders of the defendants and that during the irrigating season of 1955 orders of the defendant Snyder required delivery to the Arkansas River of all water and streams tributary thereto, except delivery of water to ditches with superior decreed rights, for the benefit of owners with decreed rights in the Arkansas River and its tributaries making a demand therefor. It is further alleged that these demands will continue and that the orders made by the defendants are for the benefit of owners of decreed rights and that these owners would be adversely affected by any decree entered by the court on the plaintiffs' complaint. It is prayed that the appropriate orders be entered requiring joinder of interested parties and that injunctions be issued against the plaintiffs restraining them from interfering with the defendants in the administration of the waters in question and enjoining the plaintiffs from diverting water except during such times as the decreed rights are filled or no demand for water therefrom is made as certified by the defendants.

As pointed out above, the motion for judgment on the pleadings was based upon the contention that the plaintiffs by confessing Austin's motion to dismiss, admitted that they had no meritorious claim against the owner of the Gove Ditch. The motion continued and concluded:

"6. That, having admitted the lack of any right to complain of diversions out of this public stream by the owner of the Gove Ditch, the said ditch being senior to that of plaintiffs, the plaintiffs have admitted by their pleadings and confession of the said motion that they have no right to relief herein; and, hence, that judgment should be entered in favor of the defendants and against the plaintiffs dismissing the complaint herein, for costs, and for the relief prayed for in defendants' counterclaim."

The "Order and Judgment" of the trial court simply held that the motion was "well taken" and "should be

and it is hereby granted." An order was entered dismissing the complaint and dispensing with a motion for new trial. Presumably, therefore, the court's judgment was based upon an admission which allegedly flowed from plaintiff's confession of Austin's motion to dismiss.

Plaintiffs contend that the court erred in granting the motion of defendants for judgment on the pleadings; that the allegations of their complaint (which must for purposes of this motion be accepted as true) disclosed the infringement and continued threat to the exercise of valid rights not in conflict with adjudicated priorities. They also argue that the trial court erred in its refusal to strike portions of the defendants' counterclaim. The position of the defendants is that Austin was an indispensable party to the litigation; that plaintiffs' rights, if any, were against Austin and that once plaintiffs admitted that they were not in contention with Austin, nothing remained for the court to determine and consequently the order granting judgment on the pleadings was correct.

1. *The question whether defendants' motion for judgment on the pleadings was meritorious.*

A specific requisite to the granting of a motion for judgment on the pleadings is that the moving party shall be entitled to judgment under the admitted facts without regard to what the findings might be on the facts with respect to which issue is joined. *Rice v. Bush,* 16 Colo. 484, 27 Pac. 720; *Moore v. Kline,* 26 Colo. App. 334, 143 Pac. 262; *Hoover v. Horn,* 45 Colo. 288, 101 Pac. 55; *Vanatta v. McFerson,* 97 Colo. 576, 52 P. (2d) 399.

Where *material* issues of fact are present which can only be determined from the testimony, the motion for judgment on the pleadings is improper. *Cache La Poudre Irrigating Ditch Co. v. Hawley,* 43 Colo. 32, 95 Pac. 317, wherein the Court said:

" * * * After this ruling plaintiffs filed a motion for judgment on the pleadings, which was denied. That this ruling was correct is apparent from the questions already

determined. By the answers of the water officials and the petition of intervention material questions of fact were in issue which had to be determined from the testimony before a judgment could be rendered. In this state of the pleadings a motion for judgment thereon could not be entertained."

In *North Poudre Co. v. Hinderlider,* 112 Colo. 467, 150 P. (2d) 304, the plaintiffs filed a motion for judgment on the pleadings as a result of the filing by defendant water officials of "an enigmatic pleading, labeled a disclaimer." The trial judge there denied the motion on the ground that the judgment could not finally determine the rights of the parties in the subject matter in controversy and, secondly, on the ground that intervenors in that case had filed answers creating questions of fact. In affirming the action of the trial court, it was said:

"We are satisfied the court committed no error in refusing to grant plaintiff's motion for judgment on the pleadings against the original defendants. The contention of plaintiff on this point is grounded upon the theory that the enigmatic pleading, labeled a disclaimer, filed by defendant water officials, in reality was an answer, and since it did not deny any allegations of the complaint, plaintiff was entitled to judgment on the pleadings for the full relief prayed for in its complaint. It is quite elementary that a judgment should not be rendered on the pleadings unless the court may fully and completely determine therefrom the rights of the parties in the subject matter in controversy and pronounce a judgment with respect thereto, which should be final between them. *Larimer & Weld Res. Co. v. Ft. Collins M. & E. Co.,* 60 Colo. 241, 152 Pac. 1160; *Fehringer v. Martin Drug Co.,* 56 Colo. 445, 138 Pac. 1007; *Williams v. Rocky Mt. Fuel Co.,* 55 Colo. 133, 133 Pac. 742. That such might not have been done in the instant case, without a consideration of factual matters seems clear, as in effect plaintiff conceded by its subsequent motion for a trial instanter and the request therein that the 'court then

and there proceed to the taking of evidence upon the complaint of plaintiff and the "disclaimer" or answer of defendants and enter its judgment accordingly.' Further, by the time the hearings' dates on plaintiff's motions for judgment on the pleadings and for trial instanter, had arrived, intervention had been allowed and answers controverting the complaint were on file. In such circumstance it would have been erroneous to enter final judgment on the pleadings for the relief sought by the complaint. * * * "

■ In the instant case the complaint does not set forth any claim against Austin. It specifically alleges that the water in question does not flow into Koch's Branch of Brush Creek. In other words, it seeks to make clear that the source of supply of the Gove Ditch is different from the source of supply of the plaintiffs' ditch. Moreover, Austin appears to have conceded this by moving to dismiss. If his rights could have been adversely affected he could have been expected to intervene rather than ask to be dismissed. The confession of this motion by the plaintiffs was a reiteration of what amounted to a disclaimer (alleged in the complaint) as against Austin. Therefore, plaintiffs' action in confessing the motion to dismiss cannot be said to constitute an admission that they had no claim against the defendant water officials.

The undetermined issue of fact (put in issue by the answer of the defendants) was whether or not Gove Ditch was actually supplied by waters which had their origin on the lands of the plaintiffs which waters were being used and claimed by the plaintiffs. The answer of the defendants contains the allegation that "the headgate of the said Gove Ditch is located on the same source of supply as the source from which plaintiffs are diverting water." This allegation was specifically denied in the pleading filed by plaintiffs denominated "Reply to Answer and Counterclaim." These issues were not susceptible to determination as a matter of law.

The position of plaintiffs is clearly set forth in their Reply Brief as follows:

"The Plaintiffs have no argument with any adjudicated priorities. It was not contended in this action, and is not contended now, that Plaintiffs have any right against anyone using water which has been adjudicated but the water officials are wrong if they are taking Plaintiffs' water to supply an unadjudicated right."

They were thus entitled to present evidence in support of the allegations of their complaint and the defendants likewise have a right to present evidence disproving plaintiffs' allegations and in support of the allegations of their answer. See *The Cresson Consolidated Gold Mining and Milling Co., et al. v. J. E. Whitten, State Engineer, et al.* (1959), 139 Colo. ......, 338 P. (2d) 278.

2. *The question whether Austin was an indispensable party.*

The plaintiffs not only refrained from alleging facts establishing a conflict with Austin, they specifically disclaimed any such conflict and judging from the fact that Austin did not ask to be made a party but instead requested that he be released, we must conclude that no contention exists as between the plaintiffs and Austin.

The defendants rely upon the decision of the Court in *Squire v. Livezey,* 36 Colo. 302, 85 Pac. 181, wherein it was held that the water officials were nominal parties and that the real parties in interest were the owners of the rights in question. That case turned on the particular facts there presented. The plaintiff there sought to restrain a water commissioner from diverting water loaned to subsequent appropriators by prior appropriators. There was no problem as to the source of the water in question in the *Squire case.* In holding that the owners of the rights there were indispensable the Court pointed out that the result of the trial without these parties would be an attempted adjudication of their rights in their absence. In the case at bar, however,

there is nothing in the record which suggests an effort to impeach or undermine Austin's adjudication. It would, in any event, be impossible for the plaintiffs to acquire a right which infringes this adjudication. Austin could not be adversely affected by a judgment in the present case and could not be precluded from asserting his rights at some future time. We are therefore unable to agree with the defendants that Austin was an indispensable party and that his absence from the case necessitated the entry of the judgment on the pleadings.

3. *The question whether the trial court's denial of plaintiffs' motion to strike was erroneous.*

Plaintiffs' contention that the trial court erred in denying the motion to strike portions of the answer and counterclaim must be rejected. An order denying the motion to strike portions of the pleading rests in the discretion of the trial court and ordinarily the trial court has a wide latitude in granting or denying such a motion. *Newell v. Newell,* 68 Colo. 585, 192 Pac. 505; *Spaulding v. Porter,* 94 Colo. 496, 31 P. (2d) 711. The governing principles are accurately set forth in 2 Moore's Federal Practice 2314, 2315, 2317 and 2318.

"A mass of evidence unnecessarily pleaded, legal conclusions argued at length, paragraphs seeking to retry a previous action, or obviously sham matter may be stricken.

\* \* \*

"Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party. 'This court,' Judge Delehant has said, 'acknowledges its entertainment of considerable

sympathy with the thought that, short of abuse or practical impropriety, a reasonable latitude should be allowed to a pleader in the statement of his claim or defense; and that not every dubious or errant phrase in a pleading should be eradicated from it to suit the taste of a critical adversary. In practice, what matters is not alone whether the phrase is immaterial, but whether its presence, if it be immaterial, is calculated to be harmful.' "

Paragraph 12 of the answer which alleges that the plaintiffs' exclusive remedy is "a statement of claim in this court in the statutory adjudication proceeding" attempts to present a legal defense which we do not consider valid. The plaintiffs have not instituted an adjudication proceeding and it cannot be converted into such at the insistence of these defendants. See *Bender v. District Court,* 133 Colo. 12, 291 P. (2d) 684. This observation is included so that our rulings on the point under review will not be misinterpreted.

The judgment is reversed, the cause is remanded for further proceedings consistent with the views expressed herein.

Mr. Justice Frantz and Mr. Justice Day not participating.