Pablo **QUIROZ** and Irene Quiroz, Plaintiffs–Appellants,

v.

John S. **GOFF**, M.D., Defendant–Appellee.

No. 01CA0450.

Colorado Court of Appeals, Div. II.

March 14, 2002.

Cristiano & Associates, Francis V. Cristiano, Denver, CO, for Plaintiffs–Appellants.

Johnson, McConaty & Sargent, P.C., Craig A. Sargent, Glendale, CO, for Defendant–Appellee.

Opinion by Judge WEBB.

In this medical malpractice action, plaintiffs, Irene Quiroz and Pablo Quiroz, appeal the trial court's grant of judgment on the pleadings in favor of defendant, John S. Goff, M.D. We reverse and remand.

Plaintiffs filed a pro se complaint for medical negligence against Goff and several other doctors. The complaint contained an attorney's certification pursuant to C.R.C.P. 11(b) stating that he had assisted plaintiffs in preparing the complaint and that to the best of his knowledge the complaint was well grounded in fact, but that he did not intend to enter an appearance on their behalf.

Later, the attorney prepared and caused to be served a summons on each defendant. Each summons was signed by the attorney with the words "Attorneys for Plaintiffs" at the bottom of the signature block.

Pursuant to C.R.C.P. 12(c), Goff moved for judgment on the pleadings, arguing that the applicable statute of limitations had run and barred plaintiffs' action. Goff sent a copy of the motion and supporting brief to plaintiffs, but not to the attorney. Plaintiffs failed to respond to the motion, which the trial court granted without explanation shortly after the due date for a response.

Plaintiffs promptly filed a verified motion for reconsideration, asserting that Goff had violated C.R.C.P. 5(b) by failing to provide their counsel with a copy of his motion and brief. Plaintiffs argued that their counsel had made an appearance by preparing the summons and that he was clearly representing them. Accordingly, plaintiffs argued that the trial court erred if it had granted Goff's motion based on their failure to file a response. Plaintiffs also argued that if the trial court had granted Goff's motion on its merits, then the ruling was in error.

The trial court denied plaintiffs' motion for reconsideration, again without explanation. At plaintiffs' request, the trial court certified its order as final pursuant to C.R.C.P. 54(b). This appeal followed.

Plaintiffs contend that the trial court erred in granting Goff's motion to dismiss, whether based on their failure to file a response or on the running of the applicable statute of limitations. We agree.

## I.

C.R.C.P. 121 § 1–15(3), permits, but does not require, that failure to file a responsive brief "be considered a confession of the motion." Moreover, the failure of the nonmoving party to present affidavits or other evidentiary materials opposing a motion for summary judgment does not alone provide a proper basis for the entry of a judgment. *See Murphy v. Dairyland Ins. Co.,* 747 P.2d 691, 693 (Colo.App.1987)(the trial court abused its discretion by granting summary judgment because the nonmoving party was late in filing a response). We conclude that this rule should apply equally to motions for judgment on the pleadings.

For these reasons, we review the trial court's order as a determination on the merits of the motion. We need not and do not decide whether defendant violated C.R.C.P. 5(b).

## II.

Whether the statute of limitations bars a particular claim is normally a question of fact. *See Mastro v. Brodie,* 682 P.2d 1162, 1169 (Colo.1984). Where material facts are disputed, judgment on the pleadings is not appropriate. *See Koch v. Whitten,* 140 Colo. 109, 113, 342 P.2d 1011, 1013 (1959). Our review of an order granting a motion for judgment on the pleadings is de novo. *See Connecticut Gen. Life Ins. Co. v. A.A.A. Waterproofing, Inc.,* 911 P.2d 684, 687 (Colo. App.1995), *aff'd sub nom. Constitution Assocs. v. New Hampshire Ins. Co.,* 930 P.2d 556 (Colo.1996).

The parties agree that the applicable statute of limitations requires this action to have been filed within two years from the date it accrued. *See* § 13–80–102.5, C.R.S. 2001. They dispute when the claims against Goff accrued. Here, that determination must be made from the face of the complaint, construed strictly against Goff, as the moving party. *See Abts v. Board of Education,* 622 P.2d 518, 522 n. 5 (Colo.1980). Hence, we first examine the complaint.

Plaintiffs' complaint alleges that in 1997, Mr. Quiroz sought treatment from Goff and a general surgeon, who is also a defendant, following several weeks of abdominal pain; that Goff ordered extensive tests, which showed an inflammatory mass left over from previous appendix surgery; and that, "[i]ntestinal angina was thus, negligently not included as part of the differential diagnosis."

The complaint further alleges that on January 7, 1998, Mr. Quiroz underwent surgery to remove the inflammatory mass, performed by defendant surgeon. Mr. Quiroz continued to suffer, and defendant surgeon performed additional surgery on January 14, 1998, "with the discovery of extensive dead bowel, which was proximately caused by the delay in diagnosis of the intestinal ischemia." On January 15, defendant surgeon and another of defendant doctors performed further surgery, during which they attempted to connect Mr. Quiroz's large and small intestines.

According to the complaint, Mr. Quiroz's condition continued to deteriorate. On February 10, 1999, he went to a gastroenterologist, who discovered that during the January 1998 surgeries, defendant doctors (other than Goff) had negligently misconnected Mr. Quiroz's large and small intestines.

Under § 13–80–102.5, a cause of action accrues on the date when both the injury and its cause are known or should have been known by the exercise of reasonable diligence. *See also* § 13–80–108(1), C.R.S.2001; *Mastro v. Brodie, supra,* 682 P.2d at 1168 ("statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another"); *Short v. Downs,* 36 Colo. App. 109, 113, 537 P.2d 754, 757 (1975)(claim for relief does not accrue "until the plaintiff, as a lay person, discovers, or in the exercise of reasonable diligence, should have discovered that the physician was negligent according to the standards prevailing in the community for members of his profession").

■ These cases reflect Colorado's general application of the discovery rule. As the supreme court has explained:

There are a number of reasons why the word "accrued" should be equated with the "discovery rule"; first, the injustice of barring the plaintiff's action before he could reasonably have been aware that he had a claim is patent. " * * *In many cases, he will or should know at the time of or soon after the wrongful act that he has been the victim of negligent medical care; *in other settings of fact it may be impossible for him, as a layman, unskilled in medicine, reasonably to understand or appreciate that actionable harm has been done him. If this is fairly the fact, we think he should have the statutory time from the moment of discovery, the moment he knows or should know he has a cause of action, within which to sue.*"

*Owens v. Brochner,* 172 Colo. 525, 530–31, 474 P.2d 603, 606 (1970)(emphasis supplied)(quoting *Waldman v. Rohrbaugh,* 241 Md. 137, 215 A.2d 825 (1966)). In cases where a physician has concealed his or her negligence, the cause of action does not accrue until the patient discovers or should have discovered the negligence. *Owens v. Brochner, supra,* 172 Colo. at 529, 474 P.2d at 605.

In moving for judgment on the pleadings, Goff argued that the statute of limitations on plaintiffs' claim for failure to diagnose intestinal angina began to run on January 14, 1998, when the intestinal ischemia was discovered and dead bowel was removed. Because the complaint was not filed until June 9, 2000, more than two years later, in his view the action as against him was barred by § 13–80–102.5.

According to plaintiffs, Mr. Quiroz did not become aware that he had received negligent care until he met with the gastroenterologist on February 10, 1999. Because the complaint was filed within two years of that date, plaintiffs argue that it was timely.

Based only on the allegations of the complaint, we cannot conclude that the cause of action for Goff's alleged misdiagnosis of "intestinal angina" accrued when defendant surgeon discovered that Mr. Quiroz was suffering from "intestinal ischemia." The complaint uses both of these medical terms, but does not specifically allege how one relates to the other, and we construe the allegations strictly against Goff.

Goff relies on *Crownover v. Gleichman,* 194 Colo. 48, 51, 574 P.2d 497, 499 (1977), which affirmed a summary judgment—not a judgment on the pleadings—on the basis that the statute of limitations runs from the date of the wrongful act, not from the date of death, in wrongful death claims. We are not persuaded that *Crownover* controls here.

In *Crownover,* the decedent went to defendant doctor specifically to examine her X-rays for cancer. Defendant doctor failed to discover the cancer. Much later, a second doctor found cancer during surgery. The supreme court held that the wrongful death cause of action for failure to discover the cancer accrued when the decedent underwent surgery. The statute of limitations at issue in *Crownover* includes the phrase "from the commission of the alleged negligence," which differs from the statute of limitations before us, "after the date that such action accrues."

■ Moreover, in *Crownover,* the parties apparently did not dispute the factual significance of the second doctor's findings. Here, in contrast, the complaint does not state that when Mr. Quiroz first sought medical treatment, he knew the cause of his abdominal pain to be "intestinal angina." Also, the complaint does not allege that when defendant surgeon later diagnosed "intestinal ischemia," either Mr. Quiroz was informed by defendant surgeon, or as a layman he understood, the ischemia to be a consequence of his undetected intestinal angina.

Nor does the complaint allege that defendant surgeon knew or should have known that the cause of the ischemia was delay in diagnosis of intestinal angina. Indeed, according to the complaint, Mr. Quiroz initially "presented to both Goff and [defendant surgeon] with several weeks of abdominal pain of unknown cause." Given his status as a codefendant, we cannot say that whatever knowledge defendant surgeon had must be imputed to Mr. Quiroz. Concealment, which at this nascent stage of the proceedings can-

**490**

not be foreclosed, would make defendant surgeon's knowledge irrelevant as a matter of law in determining when the cause of action against Goff accrued. *See Owens v. Brochner, supra,* 172 Colo. at 530–31, 474 P.2d at 606.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

Judge PLANK and Judge JONES, concur.