[No. 35424.    Department One.    November 17, 1960.]

A. JAKOBONI, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

*Elliott, Lee, Carney & Thomas*, for appellant.

*A. C. Van Soelen* and *Richard P. Ruby*, for respondent.

OTT, J.—March 20, 1957, A. Jakoboni, an excavating contractor (hereinafter called the contractor), entered into a contract with the city of Seattle (hereinafter referred to as the city) in which he agreed to furnish and install a system of water mains in certain streets of the city for a consideration of approximately three hundred thousand dollars. The instrument executed by the parties was entitled "INSTRUCTIONS TO BIDDERS, PROPOSAL, SPECIFICATIONS AND CONTRACT." The instrument contained a statement that the contractor had "personally and carefully examined the plans, specifications, form of contract, and foregoing instructions . . . examined the site of the work and the location where said work is to be done . . . "

The contract also provided that the city make monthly estimates of the work performed by the contractor, and authorized the retention of certain percentages of the estimates by the city until the completion of the work. February 1, 1958, the city prepared and delivered to the contractor a final estimate of work done under the contract. February 21, 1958, the contractor submitted to the city's engineer an itemized claim for compensation for extra work allegedly performed, and for sums he alleged were wrongfully withheld by the city. The engineer reviewed the claims, denied the majority of them, and wrote to the contractor suggesting that the remaining claims be compromised. When subsequent negotiations failed to effect a settlement, the contractor commenced this action to recover the payments allegedly due him.

The contractor appeals from a judgment in his favor for $560.53.

Appellant first contends that the trial court erred in limiting his compensation for extra excavation to 48.88 cubic yards at $3 per cubic yard, or a total of $146.64. This is the amount that was prayed for in the complaint and which appellant contended was due him at the pretrial conference. He made no posttrial motions in support of his present contention that the award should be increased to $190.02. Such a contention cannot be raised for the first time on appeal, and we find no merit in this assignment of error.

Appellant's second assignment of error relates to the trial court's refusal to allow compensation for the removal of 6,435 feet of wooden pipe from the excavated trench in order to lay the water main. It is the appellant's contention that the wooden pipe was not shown on the plans to be in the trench area and, therefore, he was entitled

[1] Reported in 356 P. (2d) 718.

to extra compensation for its removal. Section 7-7 of the "STANDARD PLANS & SPECIFICATIONS" made removal of the old pipe an obligation of the contractor. The general specifications further provided that the cost for the removal of existing pipe was to be included in the price bid for the various other items comprising the improvement, "where no item is included in the proposal for payment of such cost and *where the pipe to be removed is all shown on the improvement plan.*" (Italics ours.)

The proposal did not include an item for the removal of wooden pipe. Further, the supervising engineer for the city testified that the presence of existing pipe was indicated on the plans and that the existing pipe could be readily distinguished from the new main that was also indicated. The plans were admitted into evidence as appellant's exhibit No. 1. The trial court found that "The presence of this pipe was indicated on the plans." The evidence sustains the trial court's finding.

This assignment of error is without merit.

In performing his contract, the appellant damaged the asphalt surface of the streets at the site of the construction. The damage was not repaired, and the respondent withheld funds from the contractor's final payment to cover the repair cost. The trial court found that, under the terms of the contract, the amount was properly withheld. The appellant's third assignment of error is directed to this finding.

The pertinent section of the contract is as follows:

"Upon completion of the watermain, the contractor shall reshape the roadway, drainage ditches, restore asphalt pavement damaged during the course of construction and remove and dispose of all debris and surplus materials.  .  .  .

"No payment will be allowed for restoring asphalt pavement, crushed rock base course, reshaping the roadway and drainage ditches, and other work incidental thereto, the cost of which shall be included in the unit price bid per linear foot for 'Excavation and Backfill for Cast Iron Pipe Watermain,' of the size specified.  .  .  . "

The contractor's principal contention is that he was misled by the plans as to the amount and location of the asphalt surfacing. The certification executed by the contractor, namely, that he had personally examined the plans and the site of the work, militates against his argument that he was misled by the plans. The contract is plain and unambiguous. It is capable of no construction other than that placed upon it by the trial court.

We find no merit in this assignment of error.

For the reasons above stated, appellant's remaining assignments of error are also without merit.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and FINLEY, JJ., concur.

---

March 17, 1961. Petition for rehearing denied.