Argued October 30, affirmed November 19, petition for rehearing denied December 12, 1973, petition for review denied April 9, 1974

# STATE OF OREGON, *Respondent, v.* DERWOOD M. PFLIEGER (No. C-73-02-0412 Cr.), *Appellant.*

515 P2d 1348

*Stephen Kanter,* Portland, argued the cause and filed the brief for appellant.

*Thomas. H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Tanzer, Judges.

TANZER, J.

This is an appeal by the defendant from a conviction of public indecency. This case was initially tried in district court. The conviction was appealed and five weeks later it was tried to a jury de novo in circuit

court. The defendant was represented by retained counsel, Mr. Walter Martin, at both trials. The circuit court imposed the same sentence as had the district court: eight days' imprisonment with credit for the eight days served before bond was posted.

On the morning of trial in circuit court, Mr. Martin informed the court that the defendant wished to discuss a problem with the court. Both counsel, the defendant and the judge retired to chambers.① There the defendant indicated that he was no longer satisfied with Mr. Martin's representation and that he desired different counsel to handle his case. Specifically, he said that he had unsuccessfully attempted to contact Mr. Martin to discuss "issues" of the case with him. There is no showing in the narrative or elsewhere as to whether those "issues" were matters of substance requiring discussion or merely normal pre-trial apprehension requiring reassurance. Mr. Martin works from an office in his home and uses no answering service. Mr. Martin said that he had been available, but acknowledged that he had not been in contact with the defendant since the appeal was taken. The defendant also indicated his dissatisfaction in that Mr. Martin told him that he felt the defendant to be guilty. No complaint was voiced regarding Mr. Martin's representation in the district court trial. Because of what

---

① No reporter was present at the proceedings in chambers. Unreported discussions between the court and criminal defendants should not be held except in the most extraordinary circumstances. We recognize that an unrecorded proceeding may invite an elaboration of the facts in post-conviction relief proceedings. Instead of a precise transcript, we are required to examine this assignment of error on the basis of an agreed narrative. We do so here because the defendant has prepared and offered it and the state has accepted it as a sufficient account upon which to base a decision.

he perceived as Mr. Martin's inaccessibility and lack of faith, the defendant felt that Mr. Martin would not provide adequate representation and he desired to change attorneys.

Replying to the court's questions, the defendant stated that he had not brought the matter up sooner because he did not know of any procedure whereby he could request a change of counsel. There had been no pre-trial appearance in the circuit court under Multnomah County procedures, this being an appeal from the district court.

The trial court indicated its confidence in Mr. Martin's competence. It further told defendant, perhaps facetiously, that the case was going to trial in 30 minutes, during which time the defendant could obtain new counsel if possible.

■ A criminal defendant's basic right to counsel is absolute and may not be diminished by the state. Here, defendant's right to counsel was diligently protected by the trial court. The court below assured itself that the defendant had retained able, prepared counsel to represent him. Indeed, Mr. Martin had an advantage over another lawyer in that he was fully familiar with the state's case from having defended against it in the district court. A review of the record discloses that Mr. Martin presented the defense in an able manner although counsel on appeal presents certain tactical disagreements.

■ The right to counsel carries with it a right to counsel of one's choice. The corollary right of choice, however, is subject to judicial discretion if accommodation of the right to choice would result in " 'a disruption of the orderly processes of justice unreason-

able under the circumstances of the particular case.' "
*State v. Greenough,* 8 Or App 86, 92, 493 P2d 59 (1972).

This case calls for a delicate balancing of the defendant's right to choice of counsel against the need of the public and of all defendants for expedition in the court system. The process is well described by the United States Supreme Court in *Ungar v. Sarafite,* 376 US 575, 589-590, 84 S Ct 841, 11 L Ed 2d 921, 931 (1963):

> "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Avery v. Alabama, 308 US 444, 84 L ed 377, 60 S Ct 321. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. Chandler v. Fretag, 348 US 3, 99 L ed 4, 75 S Ct 1. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. Nilva v. United States, 352 US 385, 1 L ed 2d 415, 77 S Ct 431; Torres v. United States, 270 F2d 252 (CA9th Cir); cf. United States v. Arlen, 252 F2d 491 (CA2d Cir)."

■ Under *Ungar v. Sarafite,* the trial court was discretionarily authorized to subserve the defendant's right to choice of counsel to the needs of judicial expedition where (1) it was satisfied that defendant's right to counsel was fulfilled by the presence of able, prepared defense counsel, and (2) the request for change was made at the very time set for trial, when a delay would be disruptive and wasteful.

██ Defendant is entitled not only to have counsel, but to have effective counsel. Non-accessibility can render counsel ineffective, depending upon circumstances, but this record does not reflect such ineffectiveness at trial. Accessibility of counsel is a two-way process for which both attorney and client have responsibilities. It is incumbent upon the attorney to make himself reasonably available to his clients.[2] In this case, however, there is no need to presume lack of diligence. While the more reassuring practice may have been to maintain contact with the defendant, Mr. Martin apparently relied upon the preparation for the district court trial and felt no need for additional meetings with the defendant. Mr. Martin indicated several times to the trial court that he was ready and prepared to proceed to trial.

The defendant is under a co-equal responsibility not to complain of inaccessibility of counsel unless he

---

[2] Oregon State Bar, Opinion of Committee on Legal Ethics, No. 130 (1963), provides:

"It is clear that, when an attorney is licensed to practice, he accepts certain duties to the courts, to his clients and to his brother attorneys. These include the duties of faithfulness to the client and the diligent pursuit of his interests; of respect, cooperation and candor with the courts; and of fairness and cooperation with brother attorneys.

"Obviously, to fulfill these obligations, a lawyer must be in a position to be contacted by his clients, by the courts with whom he does business and by other attorneys who must necessarily call upon him in handling clients' affairs.

"There is no question here as to how elaborate an office or telephone service an attorney must maintain; the effect is the important factor. If an attorney cannot be reached within a reasonable time by those whom he represents, or by attorneys and courts, as well as by the state bar office, it would seem to this committee that the attorney is in violation of his responsibilities as a lawyer. The exact nature of satisfactory arrangements should, of course, be left to the individual member of the Bar, but their adequacy is, at the same time, such attorney's responsibility."

has made diligent efforts to contact counsel or, due to personal or physical limitations, was unable to do so. Defendant was capable of making reasonable efforts to contact Mr. Martin, meaning, in this case, a few more phone calls. After a brief incarceration, he made bail and was free at all relevant times. He is 28 years old and employed as a surveyor for an insurance underwriting firm. He appeared from the record to have the time, worldly experience, intelligence and opportunity to contact his attorney and there is no showing to the contrary.

The trial court acted properly within its discretion in denying the defendant's equivalent of a motion for continuance to secure new counsel in light of the rights and responsibilities of the defendant and the threatened disruption of judicial expedition.

■ The defendant also complained that he lacked faith in Mr. Martin because Mr. Martin did not believe his innocence. He must have learned of counsel's attitude while still in district court, yet took no action in the five-week interim. Defense counsel's disbelief in the innocence of a client does not necessarily diminish the skill and zeal with which he presents the defense. Indeed, such a lack of faith may in some cases reflect an enhanced perception of reality which enables the lawyer to defend with greater effectiveness than if he had blindly accepted every word from his client as truth.

This court has acknowledged that the rules of due process must "seek to establish an environment for * * * trial designed to assure that a reasonable person feels at its conclusion, and regardless of its outcome, that he has in fact as well as in law received a fair trial. Particularly important in this latter con-

text is the right to be represented by retained counsel of the defendant's own choosing." *State v. Greenough,* supra at 92. But the defendant need not be allowed without a showing of substantial cause to disrupt the orderly processes of justice by seeking on the very morning of trial to change counsel. We find no cause to disturb the discretion of the trial court.

Affirmed.