Argued and submitted July 21, 1983, affirmed in part; reversed in part and remanded with instructions January 11, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## SALLY MICHELLE PETERSON,
*Appellant.*

(10-81-09859; A26731 - 10-81-11455; CA A26732)
(Consolidated Cases)

675 P2d 1055

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

NEWMAN, J.

### NEWMAN, J.

■ Defendant appeals from two convictions following a jury trial for first degree burglary of two apartments in Springfield. She assigns as errors that the court (1) denied her motion for a judgment of acquittal; (2) refused to give her requested instructions on eyewitness identification; and (3) denied her motion to waive Lane County Circuit Court Rule 7.010 (requiring that motions to suppress be filed within 15 days after filing plea of not guilty), her motion to reconsider denial of that motion and an opportunity to present her motion to suppress.[1] At trial the court admitted evidence that defendant had sought to suppress. In addition, defendant pleaded guilty to a forgery charge and also appeals that sentence. All the cases were consolidated on appeal. Because defendant makes no assignment of error respecting the forgery conviction, it is affirmed. We consider the appeal from the burglary convictions and reverse.

■ The court did not err in denying defendant's motion for judgment of acquittal on the burglary charges. There was sufficient evidence to support the convictions. *State v. Harris,* 288 Or 703, 723, 609 P2d 798 (1980); *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974); ORS 161.155(2)(b).

■ The court also did not err in refusing to give defendant's requested instructions on eyewitness identification. *State v. Schroeder,* 55 Or App 932, 938, 640 P2d 688, *rev*

---

[1] Defendant's assignments of error and her pretrial motions adequately raise the suppression issues. The state does not argue to the contrary. At trial, the state offered the checkbook seized from the glove compartment of defendant's car. The following exchange took place:

"MR. HAGEN [prosecuting attorney]: I don't think number 1 has been admitted yet. I'll offer it.

"MS. WOOD [defense attorney]: No objection.

"THE COURT: 1 will be received.

"(Whereupon, State's Exhibit 1 was received into evidence.)

"MS. WOOD: I want to clarify that, Your Honor. No objection considering the pre-trial rulings from Judge Rodman.

"THE COURT: All right."

When the state offered items taken from defendant's purse, defendant made no additional objection. It was not necessary.

*den* 293 Or 373 (1982); *State v. Rovles,* 41 Or App 653, 598 P2d 1249 (1979).

Knowledge of the procedural history of these cases is necessary to consider defendant's third assignment of error. Defendant was arrested on October 19, 1981, at the drive-in window of a branch of the First Interstate Bank in Eugene. After defendant and her passenger, Williams, got out of the car, the police searched the glove compartment. They found two checks in the name of Hughes, the tenant of one of the apartments burglarized. At the police station, police searched defendant's purse and seized items in it. Some of the items came from the other burglarized apartment. Two days later, Hughes told the police that someone had stolen checks and a cassette tape player from his apartment on October 13, 1981.

On October 28, 1981, defendant was indicted on the forgery charge and two days later was arraigned. She employed an attorney and pleaded not guilty. On November 16, 1981, her attorney filed a motion in the forgery case to suppress evidence seized from defendant's person, automobile and purse. On January 8, 1982, her attorney in the forgery case asked to withdraw, and the court granted the request on January 20, 1982. On January 25, 1982, the court appointed the Public Defender to represent defendant in that case. On May 12, 1982, defendant changed her plea in the forgery case to guilty. The motion to suppress in that case was never heard.

On December 28, 1981, defendant was indicted for the burglaries. On January 29, 1982, the court appointed the Public Defender to represent her on the burglaries. Defendant pleaded not guilty on January 29, 1982.

Defendant's attorney was in the public defender's office and had also been assigned to represent defendant on the forgery charge. She had received police reports on the forgery charge before the plea on the burglary charges. Apparently she was confused as to the link between the forgery and the burglaries. Items seized from defendant's purse and glove compartment were taken from the burglarized apartments. The checks found in the glove compartment did not relate only to the forgery, but also to the burglary. The attorney probably could have recognized the link by talking with her client. Defendant, however, had left Eugene for Portland immediately after the plea, apparently before she and her

counsel had had a thorough discussion. Defendant then failed to keep in touch with her attorney or to give her a current forwarding address. Defendant also violated her security release agreement by not maintaining contact with the custody referee. The attorney was unable to locate defendant again until late April.

Defendant's attorney received additional police reports on the burglary charges five days after defendant's plea of not guilty. She still did not see the link betwen the forgery and burglaries. She thought that she was to receive additional reports from the district attorney. She called the district attorney's office in April, learned that the public defender's office was also representing the co-defendant, Williams, under the name of Jenkins, and that she had all the police reports. On April 25, defendant's lawyer received all the police reports and other information she had acquired and then recognized the connection between the forgery and burglaries. She eventually made contact with defendant and met with her on May 10.

On May 14, 1982, defendant moved in the burglary cases for an order waiving Lane County Circuit Court Rule 7.010 and allowing her to file a motion to suppress evidence obtained from the car and her purse, all derivative evidence obtained from the seizures and all statements obtained from defendant. She asserted that the search and seizure violated her rights under Article I, section 9, of the Oregon Constitution and under the Fourteenth Amendment. Rule 7.010 provides:

> "In criminal cases, motions for suppression of evidence, psychiatric hearings, or to permit the defendant to inspect, and copy or photograph designated books, papers, documents or tangible objects obtained from or belonging to the defendant, including written statements or confessions made by the defendant, or other discovery allowed by law, shall be filed not more than fifteen (15) days after the entry of a plea of 'not guilty.' Exception to this rule will be made only upon a showing by the moving party by affidavit of good cause for having failed to file the motion within the time allowed by this rule."

The court heard defendant's motion to waive on May 24, 1982, and denied the motion, primarily on the ground that the

reason for the late filing was defendant's failure to keep in touch with her lawyer.

On June 1, 1982, defendant filed a "motion in limine" to exclude the disputed items on grounds other than illegal search and seizure. The court did not rule on the motion at that time, because on the same day the court granted the state's request to postpone the trial set for the following day. The state requested postponement because it had failed to serve two witnesses. The trial was subsequently reset for September 23, 1982, and held on September 28, 1982. On August 3, 1982, defendant asked the court to reconsider her previous motion to waive Rule 7.010. In her accompanying affidavit, defendant's counsel stated:

"* * * * *

"Trial is now reset for September 23, 1982.

"Since the State has already filed a response to defendant's Motion to suppress; since the original trial was postponed by the State's Motion; since we now have nearly two months before the rescheduled trial; since there are no jury trials set in the first two weeks of September leaving time for pre-trial matters; since the Motion to suppress could be dispositive of at least one count of the indictment if granted; and since I do not believe the State is prejudiced by any delay; defendant believes it would be appropriate to allow filing and a hearing on the merits of defendant's suppression motion."

On August 19, 1982, the court denied the motion for reconsideration. On August 24, 1982, defendant moved for an order allowing a pretrial omnibus hearing, ORS 135.037, stating that defendant wished to incorporate the materials presented in her previously filed "motion in limine" and in the motion to suppress. On September 1, 1982, the court heard defendant's motion for an omnibus hearing and the "motion in limine" and on September 7, 1982, ruled that it would not consider the suppression issues raised in defendant's motion to suppress. The court explained the reasons for its order:

"[We] were of the opinion that to have any orderly administration of the trial of criminal cases that we had to have some limits upon the time on which those motions could be filed and we determined that the rule that we passed was a reasonable limitation. To say that you can have a Motion to Suppress and other motions filed 5 minutes before the trial starts just doesn't make any sense to me * * *. [My] response is

that we were aware of the statute and we passed the rule and rightly or wrongly we felt we had the power to do so, so the motion will be denied."

Defendant asserts that the court's actions constituted an abuse of discretion and denied her due process under Article I, section 33, of the Oregon Constitution and the Fourteenth Amendment and her right to counsel under Article I, section 11, of the Oregon Constitution and the Fourteenth Amendment. The merits of defendant's motion to suppress are not before us and have not been considered by the trial court.

The Lane County Circuit Court has authority to enact local rules governing the time of filing motions to suppress. ORS 3.220. The rule does not conflict with the omnibus hearing statute, ORS 135.037, or with ORS 133.673(1). Those sections only govern the time of hearing and do not set the time when motions must be filed. Rule 7.010 also provides a "good cause" exception to avoid harsh results.

The court was correct that defendant's failure to keep in touch with her lawyer was the principal cause for defendant's tardiness. It could find that defendant's attorney did not have "good cause" for the late filing. Defendant also does not make out a convincing case as to why her attorney could not have filed a motion to suppress within 15 days of defendant's plea, based on information the attorney then had, even if she could not talk again with defendant. Furthermore, the court could deem that to allow the motion to waive on May 24, with the trial set for June 2, would be disruptive.

■ When, however, defendant asked the court on August 3, 1982, to reconsider denial of her previous motion to waive rule 7.010, the trial had been set over at the state's request. The postponement had materially changed the circumstances. Defendant's motion for reconsideration was not made just "5 minutes before the trial starts." The case was set for trial in seven weeks.

In *State v. Taylor*, 43 Or App 589, 603 P2d 1218 (1979), the defendant requested an indefinite continuance on the day of trial in order to file a motion to suppress. We held that the trial court did not abuse its discretion in refusing to grant it:

"A motion for a continuance is addressed to the discretion of the trial court whose ruling will not be disturbed unless an abuse of discretion is shown and there is prejudice to the accused. *State v. Young,* 1 Or App 562, 463 P2d 374, *rev den* (1970). Defendant here may have been prejudiced by being denied the opportunity to argue against the admissibility of evidence which was the basis for his arrest, but he has shown no abuse of discretion in the court's denial of his motion for an indefinite continuance made on the day of trial. It is not up to the trial court to make a record that it did not abuse its discretion." 43 Or App at 592.

Similarly, in *State v. Pflieger,* 15 Or App 383, 515 P2d 1348 (1973), the court's denial of the defendant's request on the day of trial for a new attorney was not an abuse of discretion, because the defendant had counsel and "the request for change was made at the very time set for trial, when a delay would be disruptive and wasteful." 15 Or App at 387. *See also State v. Page,* 18 Or App 109, 523 P2d 1291 (1974).

On the other hand, when a defendant had made "reasonable efforts" to obtain counsel, but was unable to do so because of a delay in a transfer of funds, we held that the court abused its discretion in denying defendant's motion for a continuance. *State v. Zaha,* 44 Or App 103, 106, 605 P2d 306 (1980). We stated:

"In *Pflieger,* we held that the authority of the trial court to administer its docket was not subject to untimely changes in a defendant's choice of counsel. In so holding, we did not imply that the court's administrative authority was absolute. The right to counsel of one's choice is not absolute either, but it is a right of such magnitude that the need of the court for expeditious administration must reasonably accommodate that right. Where, as here, the defendant's inability to proceed with counsel of his choice was caused by circumstances in the control of others and despite his reasonable efforts to secure counsel on time, the judicial delay caused by allowance of a continuance to secure counsel of choice would be outweighed by defendant's right to counsel. We hold that the failure to allow a continuance to allow defendant to proceed with counsel of his choice was error." 44 Or App at 107.

Here there was no reasonable likelihood of disruption of the judicial process or prejudice to the state if defendant's motion to suppress were heard. We cannot say on this record that the issues raised by the motion to suppress were frivolous.

Defendant's motion raises constitutional claims. As with the defendant's right to counsel in *State v. Zaha, supra,* defendant's right to be free from unreasonable searches and seizures is so important that the need of the court for expeditious administration must reasonably accommodate it. The court postponed the trial at the state's request. The court had ample time before trial in which to hear and determine defendant's motion to suppress.

When defendant asked the court to reconsider on August 3, 1982, the court should have allowed defendant to file her motion to suppress and should have heard it on the merits. On the facts here, the court's denial of defendant's motion to reconsider was unreasonable and an abuse of discretion. The court also abused its discretion on September 7, 1982, when it again denied defendant's request to file the motion to suppress and to consider the suppression issues it raised.

Accordingly, we reverse the judgment of conviction on the burglary charges. The trial court shall allow defendant to file her motion to suppress and shall hear it. If the court rules against defendant on the motion, it may re-enter the judgment of conviction. *See State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977). If the court rules in favor of defendant as to any of the items introduced into evidence at trial, defendant shall receive a new trial unless the court can say that the error was harmless beyond a reasonable doubt.[2]

Affirmed on the forgery conviction; judgment reversed and remanded to the trial court on the burglary convictions for further proceedings not inconsistent with this opinion.

---

[2] Because the trial court will hear defendant's motion to suppress, we do not need to consider defendant's argument that the court's refusal to hear her motion denied her due process of law and the right to counsel.