Argued and submitted January 23, judgment vacated and case remanded May 9, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES BRADY OWENS,
*Appellant.*

(82-2275; CA A28265)

681 P2d 165

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jan P. Londahl, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his convictions for possession of a controlled substance, first degree theft, carrying a concealed weapon and unlawful possession of a weapon. He assigns as error the court's refusal to grant his motion to waive local court rules and to consider his motion to suppress that was not timely filed under those rules.[1] We reverse.

Defendant was indicted on December 3, 1982, and arraigned on December 13, 1982. He pleaded not guilty. At the arraignment the court set an omnibus hearing for December 27, 1982, and the trial for February 2, 1983. On December 16, the state moved under local Rule 10.6[2] to admit certain statements of defendant at trial and to delay the trial date because of the absence of an expert witness. The court, on the state's motion, reset the trial date for March 9, 1983. On December 21, 1982, defendant moved to delay the omnibus

---

[1] Defendant moved to waive Rules 10.5 and 10.6. His assignment of error also refers to those rules. Rule 10.3 is the applicable rule. It provides:

"If the defendant intends to request a determination on the admissibility of any evidence, including evidence obtained as a result of a search and seizure or as a result of a line-up or photo display, and such determination can be made before trial, the defendant is required to file a motion to suppress such evidence within five days after the initial discovery date as set in Rule 6.2, unless his omnibus hearing is set so that filing such motion would mean that it was filed less than ten days before the time set for the omnibus hearing. In such case, the defendant shall file his motion so that it is filed at least ten days before the time set for the omnibus hearing."

We find the issue adequately raised below and here. The state does not assert the contrary.

[2] Rule 10.6 provides:

"If the State wishes to introduce into evidence any statements made by the defendant or adopted by the defendant, the State must file a motion to admit such statements and the motion must briefly describe the statement, who made the statement, when it was made, and to whom it was made. The time within which such motion must be filed is the same as the time within which a defendant has to file a motion to suppress. Attached to the State's motion should be a statement of specific points setting forth the reason or reasons for the statement's admissibility and the authorities relied upon by the State. If the defendant wishes to contest the admissibility of the statements, the defendant must file a memorandum setting forth a specific point or points relied upon and the authorities in support of the specific point or points. The time within which the defendant has to file his memorandum shall be the same as the State has in replying to a motion to suppress filed by the defendant. If the defendant does not wish to contest the admissibility of the statements, the defendant must file a notice stating that he does not contest the admissibility of the statements and this must be filed within the same time allowed for a reply contesting the motion."

hearing set for December 27, 1982, because of the unavailability of a defense witness. Defendant's counsel also asserted that he had had "insufficient time to prepare a defense." The court granted defendant's motion and reset the omnibus hearing for March 3, 1983.

On January 20, 1983, defendant filed a motion to suppress evidence and moved to waive the local rules that required defendant to file his motion sooner.[3] Under Rule 10.3 a defendant must file a motion to suppress "within five days after the initial discovery date set in Rule 6.2" which requires discovery to be completed within 15 days after arraignment. Accordingly, a motion to suppress must be filed within 20 days after arraignment and, in any event, under Rule 10.3 at least ten days before an omnibus hearing. Under these rules, defendant would have had to have filed his motion to suppress by December 17, 1982. He did not do so.

The court heard defendant's motion to waive the rules on February 3, 1983.[4] At that time it stated that, although the court had adopted the rules effective July 1, 1982, it had not strictly enforced them before January 1, 1983:

"I wrote a letter to everybody in the bar on December 8th, and specifically that letter says that the judges of this district had not strictly enforced the rules for the reason that it was necessary for all attorneys to obtain a copy of the rules and become familiar with them. The judges now feel that sufficient time has passed and we will enforce them beginning January 1st unless unusual circumstances are presented, which I think is a way of saying unless good cause is presented, but anyway, there is obviously an out and they are not strictly enforced no matter what the reason."

The court then denied defendant's motion:

[3] The affidavit of defendant's counsel supporting the motion states that, in the past, the court had "readily" waived the local rules, describes counsel's heavy schedule of trials, hearings and sentencings, advises that he and the rest of the public defender staff had recently resigned and that he had moved to new offices and states that he had canceled three days of vacation but still had lacked sufficient time to prepare the motion.

[4] At that time, the trial judge interpreted the rules to require defendant to file a motion to suppress within 20 days of arraignment. The state, accordingly, argues that defendant should have filed his motion to suppress by January 2, 1983, 20 days after arraignment.

"There is nobody that has said that [the local rules] are unreasonable. Mr. Bennington came the closest to it when he said he thought the time table was harsh, and maybe he was referring to that. I don't find that the time table is harsh because I have found that in all the time we have had the rules, frankly, there have been very few times when there has been a lack of compliance. Most of the time the rules are complied with by both the State and the defense offices, so it can't be that they are unreasonable, an unreasonable time limit, and I don't find that they are. I find that they are beneficial to the administration of justice in this county. I am going to set those rules and they will be enforced as set forth. Now, for all these reasons, * * * the motion to waive the rules in the case of *State v. Owens* will be denied."

■ Defendant asserts that the court abused its discretion and denied him due process and his constitutional right to counsel.[5] We find that the court abused its discretion, *State v. Peterson,* 66 Or App 477, 675 P2d 1055 (1984), and do not consider defendant's constitutional arguments.

In *State v. Peterson, supra,* the defendant had initially failed to show "good cause" under the local circuit court rule for her failure timely to file her motion to suppress. On the day before trial, however, the state had requested a postponement. The court set a new trial date. More than six weeks before the new trial date, the defendant asked the court to reconsider the denial of her previous motion to waive the local rule. We held that the court's denial of the motion to reconsider, and a similar denial made four weeks later, were an abuse of discretion, because "there was no reasonable likelihood of disruption of the judicial process or prejudice to the state if defendant's motion to suppress were heard." 66 Or App at 484.

■ Similarly, here, the trial court abused its discretion when it denied defendant's motion to waive and refused to hear his motion to suppress. The intent of the local rule is to insure that motions to suppress are filed promptly and to give the state time to prepare its opposition. Because of the postponement of the trial date at the state's request and the subsequent postponement of the omnibus hearing date at

---

[5] Defendant also argues that the local rules conflict with the omnibus hearing statute (ORS 135.037) or with ORS 133.673(1). They do not. *State v. Peterson, supra.*

defendant's request; his January 20, 1983, motion to waive the local court rules was made 40 days before the date of the omnibus hearing and 46 days before the trial date. The state had adequate time to prepare. It does not assert that it would have been prejudiced. There was no reasonable likelihood of disruption of the judicial process or prejudice to the state if the court had allowed defendant's motion. On this record, we cannot say that the issues raised by defendant's motion to suppress were frivolous. The need for expeditious judicial administration must reasonably accommodate a defendant's assertion that his right to be free from unreasonable searches and seizures has been violated. *State v. Peterson, supra,* 66 Or App at 484.

The judgment is vacated, and the case is remanded. The trial court shall allow defendant to file his motion to suppress and shall hear it. If the court rules against him, it may reenter the judgment. If the court rules in favor of defendant on any of the items introduced into evidence, defendant shall be given a new trial, unless the court can say that the error was harmless beyond a reasonable doubt. *State v. Peterson, supra,* 66 Or App at 485.

Judgment vacated; case remanded for further proceedings not inconsistent with this opinion.