Submitted December 21, 2011, affirmed July 5, petition for review denied December 27, 2012 (353 Or 127)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**MICHAEL JOSEPH PETERSEN,**
*Defendant-Appellant.*

Josephine County Circuit Court
080954M; A144669

281 P3d 678

Peter Gartlan, Chief Defender, Office of Public Defense Services, and Morgen E. Daniels, Deputy Public Defender, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

Defendant appeals a conviction of driving under the influence of intoxicants (DUII). ORS 813.010(4). Defendant moved to dismiss for lack of a speedy trial based on statutory and constitutional grounds on the day of trial. The trial court denied the motion as untimely under UTCR 4.010 without addressing defendant's arguments. On appeal, defendant contends that the time requirement in UTCR 4.010 does not apply to motions to dismiss. We affirm.

The facts are undisputed. Defendant was cited for DUII on July 23, 2008. Trial was set for February 18, 2009, but reset to June because no judge was available to hear the case. On June 11, 2009, trial was reset again for the same reason. Defendant's case finally came to trial on January 6, 2010. On the day of trial, defendant filed a motion to dismiss for lack of speedy trial based on ORS 135.747; Article I, section 10, of the Oregon Constitution; and the Sixth Amendment to the United States Constitution. At a hearing on the day of trial, the trial court expressed its concern over the timeliness of the motion, noting that it had jurors and witnesses ready for trial. Defense counsel argued that, because the case had been postponed so often, it was not appropriate for defendant to file the motion until he was certain the case would be tried. The prosecutor responded that defendant's motion was an "ambush tactic" and, given the opportunity, the state would have filed a response. In addition, the prosecutor told the court that its witnesses were ready to testify that day. Ultimately, the court denied the motion as untimely under UTCR 4.010. The trial court did not reach the merits of defendant's motion but stated that reasonable accommodations could have been made had the motion been filed in a timely manner or at least announced at docket call. After a jury trial, defendant was convicted of DUII.

On appeal, in a single assignment of error, defendant contends that the trial court erred in ruling that his motion to dismiss was untimely under UTCR 4.010. That rule provides, as relevant to this case, that motions on matters subject to ORS 135.037—the statute that allows the trial court to order an omnibus hearing to rule on all pretrial motions and requests—must be filed "not less than 21 days

before trial" unless "good cause" is shown. Defendant does not argue that he had "good cause" for filing his motion to dismiss the morning of trial and, accordingly, we do not address that issue. Instead, defendant argues that a motion to dismiss for lack of a speedy trial does not fall under the ambit of ORS 135.037, the omnibus hearing statute. The state responds that a motion to dismiss is well suited to resolution in a pretrial hearing for reasons of efficiency. We agree with the state.

We review the court's denial of defendant's motion to dismiss for lack of a speedy trial for legal error. *State v. Loza*, 244 Or App 71, 76, 260 P3d 555 (2011). We begin our analysis with UTCR 4.010, which sets forth the time for filing pretrial motions in criminal cases:

> "Motions for pretrial rulings on matters subject to ORS 135.037 and ORS 135.805 to 135.873 must be filed in writing not less than 21 days before trial * * *, unless a different time is permitted by the court for good cause shown."

In turn, ORS 135.805 to 135.873 pertain to pretrial discovery matters and are not relevant to our discussion in this case. The omnibus hearing statute, ORS 135.037, allows the trial court to hold a hearing to rule on all pretrial motions and requests. That statute provides, in part:

> "(1) At any time after the filing of the accusatory instrument in circuit court and before the commencement of trial thereon, the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing.
>
> "(2) The purpose of an omnibus hearing shall be to rule on all pretrial motions and requests, including but not limited to the following issues:
>
> "(a) Suppression of evidence.
>
> "(b) Challenges to identification procedures used by the prosecution.
>
> "(c) Challenges to voluntariness of admissions or confession.
>
> "(d) Challenges to the accusatory instrument."

To summarize, motions for pretrial rulings on matters subject to an omnibus hearing must be filed at least

21 days before trial. Defendant argues that the legislature did not intend to require all motions to be included within the ambit of the omnibus hearing statute. We agree with defendant that the text of ORS 135.037 does not contain mandatory language concerning which specific types of pretrial motions must be heard at an omnibus hearing. However, the primary issue is not whether the legislature intended defendants to file all motions to dismiss in accordance with ORS 135.037, as defendant asserts, but rather, whether the drafters of UTCR 4.010 intended to apply the 21-day filing deadline to those motions, including a motion to dismiss, that are "subject to," *i.e.*, could be included in, an omnibus hearing. We conclude that they did.

When interpreting a provision of the UTCR, we apply the same methodology for statutory construction. *Tahvili v. Washington Mutual Bank*, 224 Or App 96, 112, 197 P3d 541 (2008). That is, we discern and effectuate the Supreme Court's intent in adopting that UTCR provision. *Id*. Here, the parties have not proffered, and we have not found, any useful history discerning the intent of the drafters of UTCR 4.010. However, the plain text of the rule requires all motions *subject to* the omnibus hearing statute to be filed at least 21 days before trial. "Subject" means, among other things, "falling under * * * the power * * * of" something. *Webster's Third New Int'l Dictionary* 2275 (unabridged ed 2002). Applying that definition, if a motion falls under the power of the omnibus hearing statute—that is, the motion could be heard through the process described in the statute—then the motion must be filed 21 days before trial. The omnibus hearing statute provides that the purpose of the omnibus hearing is for the trial court "to rule on *all pretrial motions and requests*[.]" ORS 135.037(2) (emphasis added). Thus, *all pretrial motions* and requests may be subject to the 21-day filing requirement. A motion to dismiss, if successful, would obviate the need for a trial, and is, therefore, a pretrial motion. Defendant's motion to dismiss could also have been heard during an omnibus hearing. And, because the 21-day timeline applies to all pretrial motions and requests that could be heard during the omnibus hearing, UTCR 4.010 generally applies to motions to dismiss, if they could have

been heard during an omnibus hearing, and applied in particular to defendant's motion.[1]

In the alternative, defendant contends that the trial court abused its discretion by refusing to consider the merits of his motion. Defendant relies on *State v. Owens*, 68 Or App 343, 348, 681 P2d 165 (1984), for the proposition that a trial court abuses its discretion when it refuses to hear a defendant's motion on alleged constitutional violations. In *Owens*, the defendant filed a motion to suppress and moved to waive a local rule similar to UTCR 4.010 in that it required a motion to suppress to be filed at least 10 days before an omnibus hearing. 68 Or App at 346. The trial and the omnibus hearing had been postponed at the state's request. *Id.* at 345-46. The defendant filed his motion to suppress after the first omnibus hearing in violation of the local rule, but 40 days before the rescheduled omnibus hearing and 46 days before trial. *Id.* The trial court denied defendant's request to waive the local rule and denied the motion to suppress without reaching the merits. *Id.* at 346. On appeal, this court held that the trial court abused its discretion in refusing to hear the motion on its merits because there was no reasonable disruption of the judicial process or prejudice to the state by hearing the motion.

But in this case, in contrast to the circumstances in *Owens*, the trial court's review of the merits of the motion would have caused a disruption in the judicial process and prejudiced the state. Defendant filed the motion just before the start of trial proceedings. Witnesses were ready to testify and jurors were standing by. The trial court was not prepared to rule on the motion that day, and it even told the parties that, had the motion been filed in a timely manner, or even at least announced at docket call, then it could have made reasonable accommodations to consider the motion. Because of defendant's decision to file the motion on the day of trial without notice, the prosecutor did not have an opportunity to consider and to file a response to the motion. Based on those facts, we cannot say that the trial

---

[1] Although UTCR 4.010 encompasses a wide range of motions, the trial court has discretion to waive the 21-day filing requirement for good cause.

court abused its discretion in denying defendant's motion to dismiss as untimely.

Affirmed.